J-S02030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM E. WEBSTER, III, | : | |
| | : | |
| Appellant. | : | No. 1003 EDA 2018 |

Appeal from the PCRA Order, March 15, 2018,
in the Court of Common Pleas of Lehigh County,
Criminal Division at No(s):  CP-39-CR-0002085-2006.

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:　　　　　**FILED APRIL 09, 2019**

William E. Webster, III appeals *pro se* from the order denying as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On October 31, 2006, a jury convicted Webster of rape and indecent assault.  On February 20, 2007, the trial court sentenced him to an aggregate term of ten to twenty years of imprisonment.  Although Webster filed a timely notice of appeal, he subsequently withdrew it on May 9, 2007.

More than ten years later, on September 21, 2017, Webster filed a *pro se* PCRA petition.  Within this petition, Webster sought to preclude the application of the registration requirements of the Sex Offender Registration and Notification ("SORNA"), 42 Pa.C.S.A. sections 9799.10-9799.41, based

upon our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). According to Webster, the **Muniz** court recognized a new constitutional right that applied to him retroactively. The PCRA court appointed counsel and, on December 18, 2017, PCRA counsel filed a no-merit letter and motion to withdraw as counsel pursuant to the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On January 3, 2018, the PCRA court granted PCRA counsel's motion to withdraw. On February 13, 2018, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Webster's PCRA petition as being untimely filed. Rather than filing a response, Webster filed a premature appeal to this Court.[1] By order entered March 15, 2018, the PCRA court dismissed the petition. This timely appeal follows. Both Webster and the PCRA court have complied with Pa.R.A.P. 1925.

Webster raises five issues on appeal. **See** Webster's Brief at 4. Before addressing these issues, however, we must first determine if the PCRA court correctly concluded that Webster's PCRA petition was untimely.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not

---

[1] By order dated April 2, 2018, this Court dismissed the appeal as duplicative and denied Webster's *pro se* motion to withdraw the appeal as moot.

be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2]  42 Pa.C.S.A. § 9545.  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented."  *See Hernandez*, 79 A.3d

---

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

651-52 (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2).[3]  Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal.  ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived, and cannot be raised for the first time on appeal).

Here, Webster's judgment of sentence became final on May 9, 2007, when he withdrew his direct appeal to this Court.  ***See Commonwealth v. McKeever***, 847 A.2d 782 (Pa. Super. 2008) (explaining that, for purposes of the PCRA, PCRA petitioner's judgment of sentence became final on the date he discontinued his direct appeal).  Thus, in order to be timely, Webster had to file his PCRA petition by May 9, 2008.  As he filed the petition at issue in 2017, it is untimely, unless Webster satisfied his burden of pleading and proving that one of the enumerated exceptions applies.  ***See Hernandez***, *supra*.

Webster has failed to establish any exception to the PCRA's time bar. Initially, we note that the PCRA court found that the 2017 petition was untimely because he did not file it within sixty days of the ***Muniz*** decision. ***See*** Rule 907 Notice, 2/12/18, at 1-2 n.1.  Although Webster attempts to justify the untimely filing due to the lack of access to the prison law library

---

[3] Section 9545(b)(2) has since been amended to enlarge this period from sixty days to one year.  ***See infra***.  The sixty-day time period applies in this appeal.

- 4 -

and application of the "prisoner mailbox rule," he is still not entitled to post-conviction relief. ***See Commonwealth v. Brandon***, 51 A.3d 231, 234 n.5 (Pa. Super. 2012) (defining "prisoner mailbox rule").

In ***Muniz***, the Pennsylvania Supreme Court held that SORNA's registration provisions constituted criminal punishment that cannot be retroactively applied to a defendant whose crimes were committed prior to SORNA's enactment. This Court has held that "the recent holding in ***Muniz*** created a substantive rule that retroactively applies in the collateral context." ***Commonwealth v. Rivera-Figueroa***, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Webster's PCRA petition was untimely, unlike the timely PCRA petition at issue in ***Rivera-Figueroa***, he must demonstrate that the Pennsylvania Supreme Court has held ***Muniz*** applies retroactively to untimely PCRA petitions in order to satisfy Section 9545(b)(1)(iii). Because our Supreme Court has yet to reach this conclusion, he cannot rely on ***Muniz*** to establish that time-bar exception. ***See Commonwealth v. Murphy***, 180 A.3d 402, 405-06 (Pa. Super. 2018).

However, if our Supreme Court issues a decision holding that ***Muniz*** applies retroactively, Webster may file another PCRA petition within one year of that decision, attempting to invoke a time-bar exception in subsection 9545(b)(1)(iii). ***See*** Act of 2018, October 24, P.L. 894, No. 146, §§ 2 and 3 (recent amendment to the PCRA); ***see also Commonwealth v. Murphy***, 180 A.3d at 406 n.1.

In light of the foregoing, we conclude that Webster's PCRA petition was untimely filed, and he has not pled and proven an exception to the PCRA's timeliness requirements. As such, the PCRA court lacked jurisdiction to address the underlying merits of Webster's claims, and we affirm the court's order denying Webster post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/19